UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

(7/20 HRG OFF)  
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-09824 PSG(PLAx) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Myla Wyatt v. Lehman Brothers Bank, FSB, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiff's motion to remand

Before the Court is Plaintiff Myla Wyatt's ("Plaintiff") motion to remand.  Dkt. # 31.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers the Court GRANTS the motion.

I.   Background

This case arises from two loans that Plaintiff Myla Wyatt ("Plaintiff" or "Wyatt") obtained from Defendant Aurora Commercial Corp. ("Aurora" or "Defendant")[1] to refinance her home in 2007.  *See FAC* ¶¶ 9-12.  These loans were secured by real property commonly known as 10546 De Haven Avenue, Pacoima, California 91331.  *Id.* ¶ 10.

At some point, Plaintiff was unable to "make the monthly mortgage payment" and Plaintiff accepted a loan modification in July 2009.  *Id.* ¶ 17.  Plaintiff alleges that Defendants "did not follow the proper guidelines and failed to meaningfully assess Plaintiff's financial condition" with respect to the loan modification, placing her arrears as a balloon payment at the end of her mortgage.  *Id.* ¶ 1.

On August 23, 2013, Defendants recorded a Notice of Default ("NOD") on the property.  *Id.* ¶ 21.  Plaintiff alleges that Defendants did not satisfy required compliance standards prior to filing the NOD, did not provide statutorily required notices before the foreclosure proceedings,

---

[1] The Lender of the loans was Lehman Brothers Bank FSB, but Aurora is the successor entity to Aurora Bank FSB, f/k/a Lehman Brothers Bank FSB.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-09824 PSG(PLAx) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Myla Wyatt v. Lehman Brothers Bank, FSB, *et al.* | | |

failed to participate in the Keep Your Home California modification program, failed to assess Plaintiff's mortgage for modification assistance under HAMP, and assigned a trust which was void and had no interest upon which to foreclose. *Id.* ¶¶ 1, 14.

Plaintiff filed a complaint on May 6, 2014 in Los Angeles Superior Court against Aurora, Mortgage Electronic Registration System, Inc., Nationstar Mortgage, LLC, and RSM&A Foreclosure Services, LLC (collectively, "Defendants"). Dkt. # 1. The case was removed on December 24, 2014. *Id.*

Plaintiff filed the First Amended Complaint ("FAC") on April 14, 2015, excluding Aurora from the FAC. Dkt. # 23. Plaintiff asserts claims against the remaining defendants for: (1) racial discrimination under the California Fair Employment Housing Act (Cal. Gov. Code §§ 12900, *et seq.*) and the Federal Fair Housing Act (42 U.S.C. §§ 3601, *et seq.*); (2) breach of contract; (3) wrongful foreclosure under Cal. Civ. Code § 2923.55; (4) violation of Cal. Civ. Code § 2923.6; (5) contractual breach of implied covenant of good faith and fair dealing; (6) breach of fiduciary duty; (7) unconscionability; (8) predatory lending in violation of Bus. and Prof. Code §§ 17200, *et seq.*; (9) negligence; (10) intentional infliction of emotional distress; (11) injunctive relief; and (12) violation of the Homeowner Bill of Rights under Cal. Civ. Code § 2920.5.[2] *FAC.* ¶¶ 37-106. Plaintiff seeks, *inter alia*, a loan modification and "an order enjoining the subject Trustee's Sale." *Id.* at 23.

Plaintiff now moves to remand this case. Dkt. # 31.

II.     Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy must exceed $75,000. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a).

---

[2] The Court ordered Plaintiff to file a First Amended Complaint consistent with the Court's Order granting Defendant Aurora Commercial Corp's motion to dismiss. *See* Dkts. # 21, 22. Among other claims dismissed without leave to amend, the Court dismissed the Federal Fair Housing Act claim (42 U.S.C. §§ 3601, *et seq.*). Accordingly, the complaint does not allege a federal question under 28 U.S.C. § 1331. Because all federal claims are eliminated, the Court declines to exercise jurisdiction over the supplemental state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 fn.7 (1988); *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-09824 PSG(PLAx) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Myla Wyatt v. Lehman Brothers Bank, FSB, *et al.* | | |

If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id*.

III.   Discussion

Plaintiffs argue that remand is appropriate because (1) there is no diversity jurisdiction, (2) the removal was procedurally defective, and (3) the removal violates the "no local defendant" rule. *Mot.* The Court agrees that Defendants have not shown that there is diversity jurisdiction and, therefore, declines to address Plaintiff's remaining arguments.

To establish diversity jurisdiction, Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Gaus v. Miles, Inc* ., 980 F.2d 564, 566-67 (9th Cir. 1992).

Defendants contend that "there is no question that the amount in controversy in this action exceeds $75,000." *Opp.* 5:10-11. Specifically, Defendants assert that the "object of litigation is measured either by the value of the underlying loan or the value of the property securing the loan." *Opp*. 4:17-20. The Court disagrees.

When seeking injunctive relief, the amount in controversy "is measured by the value of the object of litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977). Courts in this district have held that "seeking a loan modification does not place the entire amount of the loan into controversy." *See Johnson v. Wells Fargo Home Mortg.*, No. CV 12–00144 GAF (SPx), 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012) (holding that "the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan"); *Morales v. Select Portfolio Servicing, Inc.*, No. CV 14–7982–GHK (PJWx), 2014 WL 6851435, at *3-4 (C.D. Cal. Dec. 2, 2014) (same); *Gomez v. J.P. Morgan Chase Bank, N.A.*, No. CV 15–03331–AB (MRWx), 2015 WL 3745027, at *3 (C.D. Cal. June 12, 2015) (same).
Similarly, delays in foreclosure proceedings do not place the entire value of the loan into controversy. *See Vo-Ta v. Bank of America, N.A.*, No. SACV 14–1646 AG (DFMx), 2014 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-09824 PSG(PLAx) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Myla Wyatt v. Lehman Brothers Bank, FSB, *et al.* | | |

8480451, at *1 (C.D. Cal. Dec. 2, 2014) (holding that the value of a property is not the object of the litigation "to injunctions that only temporarily delay foreclosure"); *Gomez*, 2015 WL 3745027, at *4; *Zavala v. Wells Fargo Bank, N.A.*, No. SACV 15–842–JLS (ASx), 2015 WL 3745041 at *1 (C.D. Cal. June 12, 2015) (same). The binding authority that Defendants cite to in their opposition is inapposite. *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039 (9th Cir. 1973) (action in which plaintiff sought quiet title); *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (action in which plaintiff sought a permanent injunction preventing bank from conducting foreclosure sale on the grounds that California's nonjudicial foreclosure statute was unconstitutional).

Here, Plaintiff requests a loan modification and an enjoinment of a Trustee's sale – an enjoinment that would delay non-judicial foreclosure proceedings in order to modify the existing loan. *FAC.* 23:16-24:2. Neither the loan modification nor the delay places the entire loan value into controversy. *See Johnson*, 2012 WL 1229880, at *4; *Vo-Ta*, 2014 WL 8480451, at *1. Because Defendants have not established that the amount in controversy exceeds $75,000, they have not established diversity jurisdiction. *See Gaus*, 980 F.2d at 566-67. Accordingly, the Court lacks subject matter jurisdiction over this action and remands the action to state court.

IV.   Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. This action is hereby REMANDED to state court.

**IT IS SO ORDERED.**